# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
### CIVIL ACTION NO. 3:14-CV-00642-TBR-LLK

ISABELLE SMITH,                                                 Plaintiff,

v.

STEAK N SHAKE, *et al.*,                                   Defendants.

## MEMORANDUM OPINION

Isabelle Smith filed this slip-and-fall action against Steak 'n Shake (and Biglari Holdings, Inc.) after she allegedly sustained injuries in Steak 'n Shake's restaurant. Now, Steak 'n Shake seeks summary judgment. It argues that Smith's proof of a dangerous condition on its premises amounts to nothing more than speculation and supposition. The Court agrees. Therefore, Steak 'n Shake's Motion for Summary Judgment, [R. 21], is **GRANTED**.

### I.

### A.

The facts of this slip-and-fall case are undisputed. On August 25, 2013, Isabelle Smith (along with her grandchildren) entered a Steak 'n Shake restaurant in Louisville, Kentucky. [R. 21-2 at 21–22 (Smith's Deposition).] Upon arriving, a server led the group to a booth. [*Id.* at 22.] The server took the group's order and returned with beverages. [*Id.*] Smith sent her grandchildren to the restroom to wash their hands. [*Id.*] While her grandchildren were away, the server returned with the group's food. [*Id.* at 23.] When her grandchildren returned, Smith excused herself to wash her hands too. [*Id.* at 22.] As Smith stood up, she took a few steps (around two or three) and then started sliding. [*Id.* at 22, 25.] She grabbed ahold of a vacant chair to stabilize herself, but fell

anyhow.  [*Id.* at 22.]  After regaining her "composure," Smith proceeded to the bathroom to wash her hands, and then returned to the booth and sat down.  [*Id.* at 23.]  Apparently rattled by the incident, Smith told the children to bring the remaining food with them, and the group left without telling anyone at Steak 'n Shake about the incident.  [*Id.* at 23, 27–28.]

During her deposition, Smith testified that she saw no liquid, silverware, napkins, or anything of the kind on the floor, [*id.* at 23–24], and that the floor appeared to her as "normal as to be expected," [*id.* at 25].  She noticed nothing unusual.  [*Id.* at 26.]  Smith offered but one explanation for her fall:  Under the table and before her fall, she felt something "greasy or sticky" with her shoe.  [*Id.* at 24, 26.]  Smith looked under the table when she returned from the restroom, but could not see anything unusual about that "greasy or sticky" spot.  [*Id.* at 26–27.]

**B.**

On September 22, 2014, Isabelle Smith filed this slip-and-fall action against Steak 'n Shake and Biglari Holdings, Inc., alleging that Steak 'n Shake negligently maintained its premises in a dangerous or unsafe manner.  [*See* R. 1-3 at 5, ¶¶ 4–13 (Complaint).] Relying on this Court's diversity jurisdiction, Steak 'n Shake removed Smith's action under 28 U.S.C. § 1441(a).  [*See* R. 1 at 1, ¶ 1 (Notice of Removal).]  Now, Steak 'n Shake asks for summary judgment on all of Smith's claims.  [*See* R. 21 at 1 (Motion for Summary Judgment).]

**II.**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, Steak 'n Shake must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Smith's claim. Fed. R. Civ. P. 56(c); *see Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming Steak 'n Shake satisfies its burden of production, Smith "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### III.

In this case, Smith maintains a single claim for negligence against Steak 'n Shake. Steak 'n Shake seeks summary judgment on the ground that Smith has not produced any evidence "of the existence of a foreign substance or other hazardous condition that caused her to fall." [R. 21-1 at 9 (Memorandum in Support); *see also* R. 27 at 2–3

(Reply).] Smith concedes that nothing "in the area where she began to slide or where she ultimately fell . . . would explain why she slid and fell." [R. 26 at 2 (Response).] She argues, however, that whatever she encountered on the floor underneath the booth likely adhered to her shoes, causing her to fall as she made her way to the restroom. [*Id.* at 3–4.] Though the bar is low at this stage in a slip-and-fall case, the Court agrees with Steak 'n Shake: Smith has fallen short of presenting evidence upon which a reasonable jury could find Steak 'n Shake liable.

**A.**

Smith's claim is based on premises liability, which is a subcategory of general negligence law. *See Colyer v. Speedway, LLC*, 981 F. Supp. 2d 634, 639 (E.D. Ky. 2013). Generally speaking, a negligence claim "requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky. 2003)). With respect to the element of duty, a property owner (such as Steak 'n Shake) must exercise reasonable care to protect invitees (such as Smith) from hazardous conditions that the property owner knew about or should have discovered and that the invitee could not be expected to discover. *See Denney v. Steak N Shake Operations, Inc.*, 559 F. App'x 485, 487 (6th Cir. 2014); *Fulcher v. United States*, 88 F. Supp. 3d 763, 770 (W.D. Ky. 2015).

In applying that standard to slip-and-fall cases, Kentucky courts use a burden-shifting approach. *See Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 436–37 (Ky. 2003); *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (2003); *see also Bartley v. Educ.*

*Training Sys., Inc.*, 134 S.W.3d 612, 616 (Ky. 2004) (discussing burden-shifting standard under *Lanier* and its progeny). To survive a motion for summary judgment, Smith must show that

> (1) . . . she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and [her] injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Martin*, 113 S.W.3d at 98 (citing *Lanier*, 99 S.W.3d at 435–36). If she does so, then the burden shifts to Steak 'n Shake to demonstrate the absence of negligence. *Id.* (citing *Lanier*, 99 S.W.3d at 435–37). "Under this approach, Kentucky businesses still are not strictly liable for all situations in which one customer spills something on the floor and another customer slips in it, but the burden of proof is shifted to the premises owner who has the initial duty of reasonable care." *Johnson v. Wal-Mart Stores E., LP*, —— F. Supp. 3d ——, 2016 WL 1020841, at *3 (E.D. Ky. 2016) (citing *Lanier*, 99 S.W.3d at 436–37).

**B.**

Here, Smith has not established that she encountered a dangerous condition on Steak 'n Shake's premises. She concedes that nothing "in the area where she began to slide or where she ultimately fell . . . would explain why she slid and fell." [R. 26 at 2.] For example, she saw no liquid or foreign objects on the floor, [*see* R. 21-2 at 23–24], and the floor appeared to her "as normal as to be expected," [*id.* at 25]. She offers only a speculative hypothesis that some substance from the "greasy and sticky" spot under the table adhered to her shoes, causing her to fall after she stood up from the booth and started walking toward the restroom. [*See* R. 26 at 3–4; R. 21-2 at 24–27.] Yet, Smith looked under the table when she returned from the restroom and saw nothing unusual

about the "greasy and sticky" spot.  [R. 21-2 at 26–27.]  Such speculation is insufficient to create a genuine issue of material fact, leaving summary judgment for Steak 'n Shake as the only appropriate course.  *See Jones v. Abner*, 335 S.W.3d 471, 475–76 (Ky. Ct. App. 2011); *Hazley v. Wal-Mart Stores E., L.P.*, 2014 WL 5366115, at *3–4 (W.D. Ky. Oct. 21, 2014).

**IV.**

Steak 'n Shake and Biglari Holdings, Inc.'s Motion for Summary Judgment, [R. 21], is **GRANTED**.  An appropriate order will issue separate from this Memorandum Opinion.

**IT IS SO ORDERED**.

Date:

cc:     Counsel of Record